## YOUNG v. GRISWOLD MFG. CO.

Circuit Court of Appeals, Third Circuit.
April 17, 1928.

No. 3710.

Patents ⟨⟩288(5)—Defendant In patent Infringement suit cannot be heard to question jurisdiction in which it participated and of which it invited exercise.

Defendant in patent infringement suit, knowing in advance of hearing by court that infringing dampers were bought by plaintiff, and submitting case on merits of patent and infringement thereof by sale of dampers bought by plaintiff, will not be heard to question jurisdiction in which it participated and of which it invited exercise.

Appeal from the District Court of the United States for the Western District of Pennsylvania; W. H. Seward Thomson, Judge.

On motion to vacate judgment. Petition dismissed.

For former opinion, see 23 F.(2d) 1007.

Ballard Moore, of Chicago, Ill., Fraley & Paul, of Philadelphia, Pa., and Cheever & Cox, of Chicago, Ill., for appellant.

Hugh C. Lord, of Erie, Pa., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. After argument and due consideration had, we find no sufficient ground to warrant our disturbing what we have already decided. As appears by the letter of counsel dated April 30, 1927, the defendants, in advance of the hearing by this court, knew that the infringing dampers were bought by the plaintiff. With that knowledge the case was proceeded in and submitted to our determination on the merits of the patent and infringement thereof by the sale of the dampers bought by the plaintiff. Having thus chanced the decision of the case, the defendant will not now be heard to question a jurisdiction which it has participated in and invited exercise thereof.

Accordingly the petition is dismissed.

## UNITED STATES SHIPPING BOARD EMERGENCY FLEET CORPORATION v. DELAWARE COUNTY, PA.

## SAME v. SCHOOL DIST. OF TINICUM TP., PA.

Circuit Court of Appeals, Third Circuit.
April 17, 1928.

Nos. 3525, 3526.

In Error to the District Court of the United States for the Eastern District of Pennsylvania; Oliver B. Dickinson, Judge.

On rehearing.
For former opinion, see 17 F.(2d) 40.

Paul W. Knox and George W. Coles, U. S. Atty., both of Philadelphia, Pa. (I. V. McPherson, of Washington, D. C., and Chauncey G. Parker, of Newark, N. J., of counsel), for plaintiff in error.

Donald S. Edmonds and Porter, Foulkrod & McCullagh, all of Philadelphia, Pa., Albert Dutton MacDade, of Chester, Pa., and Albert J. Williams, of Media, Pa., for defendants in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. At the urgent request of the county of Delaware and the township of Tinicum, a rehearing was granted in this case. After argument and due consideration had, we find no reason to differ from the conclusions heretofore reached, as set forth in the respective opinions of the majority and minority of the court. This renders it unnecessary to pass upon the question of the court's right to grant a rehearing. The inability of the county and township to tax these lands and have the government aid them in the educational and other service they did under the abnormal conditions of the war, necessitated by schools, etc., for children of government employees, makes the case one of hardship, but relief therefrom does not lie with the courts, but the legislative branch of the government.